Bill COMPTON, movant, v. COMMON-
WEALTH of Kentucky, opposed.

Court of Appeals of Kentucky.
May 23, 1952.

E. J. Picklesimer, Pikeville, for appel-
lants.

V. R. Bentley, Pikeville, for appellee.

STEWART, Justice.

This action was instituted by plaintiff,
George, S. Belcher, against Maxie Belcher
Romans and Trimble Belcher and his wife,
Ocie Belcher, to eject them as trespassers
from a small strip of land of approximately
an acre and a half formed by accretion and
attached to the west bank of Russell Fork
of the Big Sandy River, located near Bel-
cher in Pike County. The Chancellor de-
creed plaintiff to be the owner of the land
and defendants appeal.

Trimble and Ocie Belcher's property as
described in their deed begins at "a sweet
gum * * * on bank of river" and runs
"down river opposite the mouth of the first
hollow to wahoo bush". Maxie Belcher
Romans' tract as set forth in her deed com-
mences at "a cucumber and maple in the
west side of Russell Fork of Big Sandy
River near the edge of a small lake" and
continues "thence up the river to a small
water birch". These two parcels of real es-
tate adjoin, and appellants maintain, be-

ROMANS et al. v. BELCHER.

Court of Appeals of Kentucky.
June 6, 1952.

Rehearing Denied Oct. 24, 1952.

cause of the language above quoted in each conveyance, that the river is the boundary of their land. If this contention is true, the accumulated alluvion would be within the boundary lines of the property of appellants, since the strip in dispute would lie in front of their land out in the river. The only definite proof upon which appellants base their claim to the disputed tract is their testimony that their "lines go down to the river".

Appellee offered in evidence a survey of Alonzo Ford, a civil engineer, which had been made from appellee's deed. This survey, the only one in the record of this case, clearly establishes the fact that the strip of alluvial soil is situated wholly within the boundary lines of appellee's deed. Appellants adduced no evidence, in our opinion, that contradicted in any wise the accuracy or veracity of this survey.

Appellants argue that appellee had made no effort to assert title to the tract in controversy until 1949, although his property was conveyed to him on August 20, 1910. As a matter of fact, the land, which had slowly formed over a period of the last thirty or thirty-five years, had only become capable of productive use the past year or so preceding this lawsuit. Appellee's deed embraced the ground in controversy, as has been shown, and the rule is thoroughly established in this state that where one holds land under a deed describing a boundary with sufficient accuracy that it can be run by a surveyor, and the boundary lines have been located and plainly marked, as here, he is in actual possession to the full extent of the boundary described in his deed so long as he is in the actual possession of any part thereof claiming the whole, except in so far as portions thereof are held adversely by actual occupancy and user. Burt & Brabb Lbr. Co. v. Sackett, 147 Ky. 232, 144 S.W. 34, and Sackett v. Burt & Brabb Lbr. Co., 150 Ky. 748, 150 S.W. 997. The evidence reveals there have been occasional entries upon this parcel of land to cut timber, and once a crude roadway traversed it which has long since been abandoned, but no acts were proven that would vest title in an alleged adverse user.

We entertain no doubt as to the correctness of the Chancellor's finding that appellee owns the strip of land.

The judgment is affirmed.